UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANNY ATTERBURY, | No. C 07-6307 MHP (pr) |
| Plaintiff, | **ORDER OF DISMISSAL** |
| v. | |
| COMMISSIONER OF SOCIAL SECURITY; et al., | |
| Defendant. | |

Danny Atterbury, currently in custody at the Napa State Hospital pursuant to a determination that he was not guilty by reason of insanity of criminal charges brought against him, filed a pro se civil "Complaint For Judicial Review Of Decision Of Commissioner Of Social Security."  The complaint concerns a form Atterbury received from the Social Security Administration ("SSA") that he does not understand and wants the court to compel the SSA to do something about it.

Atterbury attached to his complaint a "Beneficiary Recontact Report" form he received from the SSA.  The payee was listed as "Danny Atterbury" and the payee's address was 2100 Napa Vallejo Highway (i.e., the address for Napa Hospital).  The beneficiary was listed as "Danny Atterbury" and the Social Security number listed on the form was that of Atterbury's deceased father.  (Atterbury does not state what his father's name was.)  The one-page form directs the recipient to read the enclosed instructions (which Atterbury has not submitted to the court) and then answer questions as to whether he is married and has children living with him who receive Social Security benefits.

Atterbury states that "he does not know what this is all about and he has not been receiving Social Security checks to the best of his knowledge, information, and belief." Complaint, p. 1. He inquired, but was unable to obtain information from officials at Napa State Hospital or from the Social Security Administration about the purpose of the form. The form was dated November 2007, and Atterbury filed his complaint on December 10, 2007. He does not allege that he ever completed the form and returned it to the SSA, or that he received anything further from the SSA.

Atterbury alleges that he "complains of a decision which adversely affects the plaintiff in whole or in part. The decision has become the final decision of the Commissioner for purposes of judicial review." Id. The "decision" to which he refers is the "Beneficiary Recontact Report" form.

Actions arising from Social Security claims are reviewable under 42 U.S.C. § 405(g) or not at all. See Weinberger v. Salfi, 422 U.S. 749 (1975). Before an action may be filed in the district court for judicial review, administrative remedies must be exhausted, which means that the plaintiff must have obtained a final decision from the Secretary. See 42 U.S.C. 405(g), (h); 20 C.F.R. § 422.210.

There is no way to construe the complaint in a way that it is not legally and/or factually frivolous. The first possible construction is that Atterbury is asking the court to review the SSA's request that he fill out a form. The second possible construction is that Atterbury is asking the court to review the SSA's statement of intent (as reflected on the form) to discontinue sending checks to him if he does not fill out the form. That construction does not seem reasonable because Atterbury reports that he does not receive any benefits and does not explain why it would affect him if the SSA followed through on its statement that it would "stop sending checks to you." The third possible construction is that Atterbury wants judicial review of the SSA's refusal to answer his questions and explain the form over the telephone. None of these three constructions of the complaint show a final decision by the Secretary and none suggest that there has been an exhaustion of administrative remedies.

Atterbury is aware of the requirement that there be a final decision, as he uses that particular phrase, and the requirement that he exhaust administrative remedies, as he cites that statutory provision in his complaint, yet the facts alleged in the complaint indicate that all that has happened is that he received a form he did not understand, he made inquiries and did not receive a satisfactory explanation, and then he filed his complaint in this court. The action cannot proceed because there has been no final decision by the Secretary that the court can review under 42 U.S.C. § 405(g).

For the foregoing reasons, this action is DISMISSED as frivolous. The <u>in forma pauperis</u> application is DENIED. (Docket # 2, # 4.) The "motion to serve process" and "request for process to issue" are DENIED because the action is being dismissed. (Docket # 7, # 8.) The clerk shall close the file.

IT IS SO ORDERED.

Dated: July 8, 2008

_____
Marilyn Hall Patel
United States District Judge